1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| ROCHELL LAMB, | ) | Case No. ED CV 12-1707 JCG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, ACTING | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION,[1/] | ) | |
| Defendant. | ) | |

19        Rochell Lamb ("Plaintiff") challenges the Social Security Commissioner's

20 decision denying her application for disability benefits.  Two issues are presented for

21 decision here:

22        1.      Whether the Administrative Law Judge ("ALJ") improperly rejected the

23 lay witness statements of Plaintiff's daughter, (*see* Joint Stip. at 3-10, 14); and

24        2.      Whether the ALJ improperly rejected Plaintiff's credibility.  (*See id.* at

25 14-22, 26.)

26        The Court addresses – and rejects – Plaintiff's contentions below.

27

28        [1/]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R.
Civ. P. 25(d).

1      A.      The ALJ's Rejection of Lay Witness Statements

2          First, Plaintiff claims that the ALJ erred in rejecting the statements of

3  Plaintiff's daughter as to Plaintiff's symptoms and impairments.  (Joint Stip. at 3-10,

4  14.)  Plaintiff's claim lacks merit.

5          "[L]ay testimony as to a claimant's symptoms or how an impairment affects

6  [their] ability to work *is* competent evidence and therefore *cannot* be disregarded

7  without comment."  *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006)

8  (internal quotation marks, ellipses, and citation omitted) (emphasis in original).

9  Appropriately, then, an ALJ may discount the testimony of a lay witness only if he

10 provides specific "reasons that are germane to each witness."  *Id.* (citing *Dodrill v.*

11 *Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).)

12         The ALJ gave five reasons for rejecting the lay witness statements.

13 Specifically, the ALJ found that Plaintiff's daughter did not provide her statements

14 under oath, her statements mirrored Plaintiff's allegations, she is not a medical

15 professional, she has a pecuniary interest in the outcome of the application, and her

16 statements were contrary to the objective medical evidence.  (AR at 25.)  These

17 reasons are specific and are germane to the witness.  The ALJ had no duty to provide

18 anything more.

19         Thus, for the above reasons, the ALJ properly rejected the lay witness

20 statements.

21      B.      The ALJ's Assessment of Plaintiff's Testimony

22         Plaintiff next asserts that the ALJ improperly assessed her credibility.  (Joint

23 Stip. at 14-22, 26.)  The Court disagrees.

24         An ALJ can reject a claimant's subjective complaints by expressing clear and

25 convincing reasons for doing so.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir.

26 2003).  "General findings are insufficient; rather, the ALJ must identify what

27 testimony is not credible and what evidence undermines the claimant's complaints."

28 *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

2

1    Here, the ALJ presented at least *three* reasons in support of the credibility
2  determination.

3    First, the ALJ noted Plaintiff's claim that she could not work because of poor
4  focus and memory, even though she stated in her daily activities questionnaire that
5  she did not need to be reminded to go places.  (AR at 24.)  This was a clear and
6  convincing reason that was supported by the record.  (*Id*. at 43, 144); *see Light v.*
7  *Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing plaintiff's
8  credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or
9  between his testimony and his conduct").

10    Second, the ALJ explained that Plaintiff was receiving unemployment
11  benefits, which required her to certify that she was willing and able to work.  (AR at
12  25.)  The ALJ concluded that such a certification is inconsistent with a claim of
13  disability.  (*Id*. at 25.)  This too is a clear and convincing reason supported by the
14  record.  (*Id*. at 51, 53); *see Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988)
15  (receipt of unemployment benefits is valid reason for discounting claimant's
16  credibility, as it indicates claimant considered himself to be capable of work and that
17  he held himself out as being available therefor).

18    Finally, the ALJ explained that Plaintiff's description of her daily activities
19  was incompatible with her claim of disability.  This amounted to yet another clear
20  and convincing reason to reject Plaintiff's credibility.  *See Valentine v.*
21  *Commissioner, Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (daily activities
22  can discredit a claimant when those activities suggest a greater functional capacity
23  than alleged).  In particular, in her daily activities questionnaire, Plaintiff admitted to
24  leading quite a busy life.  She cooks and cleans.  (AR at 140, 142.)  She cares for
25  family members and a pet.  (*Id*. at 140-41.)  She shops and manages her finances.
26  (*Id*. at 143.)  She exercises, engages in leisure activities, and socializes.  (*Id*. at 144.)
27  Certainly, then, Plaintiff is able to perform at least *some* basic work activities.

28    Accordingly, the Court finds that substantial evidence supported the ALJ's

1  decision that Plaintiff was not disabled.  *See Mayes v. Massanari*, 276 F.3d 453,

2  458-59 (9th Cir. 2001).

3     Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

4  **AFFIRMING** the decision of the Commissioner denying benefits.

5

6  Dated: August 7, 2013

7  _____

8                                 Hon. Jay C. Gandhi

9                           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4